UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **United States of America,** | Crim. No. 08-142 (DSD/SRN) |
| **Plaintiff,** | |
| v. | **REPORT AND RECOMMENDATION** |
| **David Eugene Osborne (05),** | |
| **Defendant.** | |

Nancy Brasel and Anders Folk, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for Plaintiff United States of America

Gary R. Bryant Wolf, Bryant Wolf Law Office, 247 Third Avenue South, Minneapolis, Minnesota 55415, for Defendant David Eugene Osborne

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-captioned case comes before the undersigned United States Magistrate Judge on Defendant David Eugene Osborne's Motion to Suppress Evidence (Doc. No. 545) and Motion to Dismiss Indictment for Failure to State an Offense (Doc. No. 546).[1]  This case has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1.

**I.    Motion to Suppress Evidence**

Defendant asks the Court to review a search warrant executed at 4011 Welcome Avenue North, Robbinsdale, Minnesota, for probable cause.  A reviewing court should accord "great deference" to a determination of probable cause.  <u>Illinois v. Gates</u>, 462 U.S. 213, 236 (1983) (citation omitted).  The duty of a judge who signs a warrant is "to make a practical, common-

---

[1] The Court will address Defendant's non-dispositive motions in a separate Order.

sense decision whether, given all the circumstances . . ., there is a fair probability that contraband or evidence of a crime will be found in a particular place." Id. at 238.  The task for the reviewing court is to ensure there was "a 'substantial basis for . . . conclud[ing]' that a search would uncover evidence of wrongdoing." Id. at 236 (quotation omitted) (ellipsis and modification in Gates).

Minneapolis Police Officer Mike Doran submitted the affidavit in support of the warrant for 4011 Welcome Avenue.  Officer Doran stated that he was currently investigating an individual named George Anthony Glass for narcotics crimes, and that he knew Glass had prior felony narcotics convictions.  In the course of his investigation, Officer Doran had learned that Glass lived at 4011 Welcome Avenue, and he searched a municipal garbage can placed at the curb of that address within seventy-two hours of applying for the warrant.  A garbage search yielded drug paraphernalia, suspected drug packaging materials, an empty box for a portable gram scale, and mail addressed to Glass at 4011 Welcome Avenue.  The packaging material later tested positive for cocaine.

The Fourth Amendment does not prohibit "the warrantless search and seizure of garbage left for collection outside the curtilage of a home." California v. Greenwood, 486 U.S. 35, 37 (1988).  Finding drugs or drug paraphernalia in a suspect's garbage is sufficient to establish probable cause for a search warrant.  United States v. Briscoe, 317 F.3d 906, 908 (8th Cir. 2003); see also United States v. Reinholz, 245 F.3d 765, 776 (8th Cir. 2001) (finding probable cause where a garbage search yielded syringes and a pipe with drug residue and documents identifying the occupants of the house, and where the officer knew that the suspect had a drug record).  In this case, Officer Doran found drug packaging materials that tested positive for cocaine, as well as drug paraphernalia, in the garbage placed at the curb of 4011 Welcome Avenue.  Officer

Doran also found mail addressed to Glass at that address, which confirmed it as his residence, and knew that Glass had a prior drug record. Accordingly, the results of the garbage search provided probable cause to believe that contraband or other evidence of narcotics crimes would be found inside 4011 Welcome Avenue.

## II.     Motion to Dismiss Indictment for Failure to State an Offense

Defendant moves to dismiss the Indictment as insufficient, but he does not specify any particular deficiency with the charges. An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged. . . . For each count, the indictment must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." Fed. R. Crim. P. 7(c)(1).

> An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution. An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted.

United States v. Carter, 270 F.3d 731, 736 (8th Cir. 2001) (citations omitted).

The Indictment in this case charges Defendant with four counts. Count 1 charges Defendant with conspiracy to distribute and possess with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. It is alleged in this count that Defendant and others knowingly and intentionally conspired to distribute and possess with intent to distribute cocaine base, cocaine hydrochloride, Ecstasy, and marijuana, from approximately 1999 through May 6, 2008. Count 2 charges Defendant with conspiring to possess a firearm during and in furtherance of a drug trafficking offense in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(o). The Indictment alleges with respect to this count that Defendant

and others knowingly and intentionally conspired to possess firearms in furtherance of and during a drug trafficking crime, specifically the crime charged in Count 1, from approximately 1999 through May 6, 2008.  Counts 9 and 10 charge separate offenses of distribution of cocaine base in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).  Count 9 alleges that Defendant and Steven Michael Gant knowingly and intentionally distributed approximately 55.5 grams of cocaine base, a controlled substance, on December 8, 2006.  Count Ten alleges that Defendant knowingly and intentionally distributed approximately 61.9 grams of cocaine base on December 12, 2006.

The Court finds that the Indictment adequately sets forth the essential elements of each of the charged offenses and fairly informs Defendant of the charges against him.  The Indictment also alleges enough information so that Defendant can plead an acquittal or conviction in a subsequent proceeding.  Accordingly, the Indictment is legally sufficient, and the motion to dismiss should be denied.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant David Eugene Osborne's Motion to Suppress Evidence (Doc. No. 545) be **DENIED**; and

2. Defendant David Eugene Osborne's Motion to Dismiss Indictment for Failure to State an Offense (Doc. No. 546) be **DENIED**.

Dated: November 6, 2008

     s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **November 21, 2008**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.